HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLENMORE MEDICAL INVESTORS, LLC, | CASE NO. C14-5717 RBL |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |
| v. | [Dkt. #7] |
| CITY OF TACOMA, et al., | |
| Defendants. | |

**INTRODUCTION**

THIS MATTER is before the Court on Plaintiff Allenmore Medical Investor's Motion for Leave to File First Amended Complaint. [Dkt. #7]. The case arises from the development of the existing Walmart store on what used to be the Elks Lodge property in Tacoma. Allenmore, the project's developer, claims that the City of Tacoma's actions hindered and delayed various land use and building permit decisions during the project, costing Allenmore at least $1.8 million.

Allenmore sued the City in Pierce County Superior Court on August 18, 2014. It claimed that the City violated Allenmore's constitutionally-protected property rights and privileges, and conspired to interfere with those rights—claims based on the United States Constitution and federal statutes. The next day, Allenmore served a state law damage claim notice on the City for

claims which arose out of the same transaction. It did so as a prerequisite for asserting state law claims against the City as required by Washington's Notice-of-Claim statute, RCW 4.96.020. On September 9, 2014, the City removed the case to this Court. When the 60 day pre-claim notice period expired, Allenmore moved to amend its complaint to assert state law tortious interference and civil conspiracy claims.

The City claims that the motion should be denied as futile because the state law claims are fatally defective as a matter of law—the lawsuit in which they are being asserted was filed before the pre-claim notice requirement was satisfied. It argues that where a plaintiff files a federal claim against a party protected by Washington's pre-claim notice statute, the plaintiff is thereafter barred from amending its complaint to assert state law claims that arise out of the same common nucleus of operative fact because it cannot comply with the state's Notice-of-Claim statute. Put another way, the City argues that the pre-claim notice must be served before *any* lawsuit is filed—even one that does not initially allege state law claims subject to the notice requirement—if the plaintiff ever wants to assert related state law claims. It claims that the Notice cannot be effective while some other *related* federal litigation is pending, and a plaintiff must give notice before filing *any* suit: amendment of an existing complaint even after a "compliant" notice period is flatly prohibited.

The City also claims that amendment would be futile because even though the motion was timely filed, the limitations period expired before the Court permitted Allenmore to actually file an amended complaint. This argument ignores Rule 15's familiar "relation back" provision—even though the City parrots that rule's "same nucleus of operative facts" trigger in its other argument.

**DISCUSSION**

The district court has discretion to grant or deny leave to amend, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Rule 15(a) creates a presumption in favor of granting leave to amend absent prejudice or a strong showing of any of the other factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The only issue here is whether amendment would be futile. The City argues that the state law claims would be subject to immediate dismissal both because Allenmore failed to comply with the state pre-claim requirement by first filing federal claims arising out of the same common nucleus of operative fact, and because the state law claims are time barred. Allenmore contends that filing the federal claims first does not preclude it from later giving notice of related state law claims, and then moving to amend to add them when the respective pre-claim notice period expires. It also points out that if its complaint is amended to include the state law claims under Rule 15, those claims will "relate back" to the date of the original complaint.

**A.      Washington's Pre-Claim Notice Requirement**

RCW 4.96.020 protects local governmental entities by requiring a plaintiff to notify the entity prior to commencing a lawsuit asserting state law damage claims:

>  (1)      The provisions of this section apply to *claims for damages* against all local governmental entities.…
>
>  ….
>  (4)      No action *subject to the claim filing requirements* of this section shall be *commenced* against any local governmental entity… for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof….

1

2

         (5)      With respect to… all procedural requirements in this section, this section must be *liberally construed* so that substantial compliance will be deemed satisfactory.

3

4

RCW 4.96.020 (emphasis added). This requirement provides the governmental entity "time to

5

investigate, evaluate, and settle claims." *Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.*, 147

6

Wash. 2d 303, 310, 53 P.3d 993 (2002). State notice-of-claim requirements do not apply—and,

7

as a matter of federal supremacy, cannot apply—to federal claims. *See Felder v. Casey*, 487 U.S.

8

131, 140 (1988).

9

      Allenmore argues that the Notice-of-Claim statute does not prevent it from commencing

10

an action asserting only federal claims, and then seeking to amend its complaint to add state law

11

damage claims once it has met the notice requirements.

12

      The City argues that the federal and state claims must be brought within a single action,

13

because they arise out of a common nucleus of operative fact.  Thus, it claims, when Allenmore

14

"commenced" this action (asserting only the federal claims), it was nevertheless an "action

15

subject to the claim filing requirement."  In other words, the City argues that a party cannot

16

(ever) commence a federal action and then amend its complaint to add state law claims, even if it

17

gives the required pre-claim notice prior to moving to amend.  The City does not cite any opinion

18

suggesting that this is the case, and the Court cannot find one.

19

      The City's interpretation is instead directly contrary to the language, purpose, and liberal

20

interpretation of Washington's Notice-of-Claim Statute. The notice requirement applies *only* to

21

state law "claims"—it does not and cannot apply to federal claims.  It does not even purport to

22

restrict the "commencement" of an action—like one asserting only federal claims—that is *not*

23

"subject to the claim filing requirement." The City conflates an "action subject to the claim filing

24

requirements" with an action based on facts that may support an action subject to the claim filing

25

26

27

28

1   requirements. Allenmore's action becomes one subject to the claim filing requirements only if it

2   amends its complaint to assert state law claims.[1]

3   Finally, like Rule 15, the Notice-of-Claim statute is to be liberally construed. RCW

4   4.96.020's 2009 amendments made clear that the statute's procedural requirements "must be

5   *liberally construed* so that substantial compliance will be deemed satisfactory." RCW

6   4.96.020(5) (emphasis added). Allenmore did not only substantially comply, it fully complied

7   with the Notice-of-Claim Statute.

8   The City had the full sixty days  to review and consider  Allenmore's state law claims

9   before Allenmore attempted to amend its complaint. The City was free to investigate, evaluate,

10  and settle those claims—the explicit purpose of the pre-claim notice requirement—and it chose

11  not do so. In fact, the City offered no response to the claim form, apparently deciding it was

12  protected by Allenmore's pre-claim notice quagmire. The simultaneous pendency of

13  Allenmore's federal claims did not prevent the City from using the notice period for whatever

14  purpose it chose—including preparing its defense of the state law claims and other attacks.

15  Allenmore substantially (at the very least) complied with the Notice-of-Claim statute, and the

16  fact that it had already asserted related federal claims does not make its amendment futile.

17  **B.      Statute of Limitations**

18  The City also argues that because the alleged conduct that forms the basis of Allenmore's

19  claims occurred more than three years and sixty days (the applicable limitations period plus the

20  Notice-of-Claim statute tolling) prior to when Allenmore would be able to file its amended

21  complaint, Allenmore's state law claims are time barred. According to the City's argument, even

22

23

24

25

26

---

27  [1] The City characterizes Allenmore's argument to this effect as "disingenuous, at best." The pejorative is misdirected.

28

1    though Allenmore filed the motion to amend within the applicable limitations period,[2] because

2    Allenmore was not able to *file* the amended complaint within the limitations period—an action

3    predicated on this Court granting its motion—it is time barred.

4
         The City's argument conveniently omits any discussion of Rule 15(c). One of the more

5    basic rules of civil procedure, Rule 15(c)'s primary purpose is to defeat statute of limitations

6    problems inherent in amending complaints near the end of a limitations period. *Valadez-Lopez v.*

7    *Chertoff*, 656 F.3d 851, 857-58 (9th Cir. 2011). Allenmore fully briefed Rule 15(c) in its Motion,

8    which makes it particularly difficult for this Court to understand the City's oversight.

9
         Allenmore's state law tortious interference and civil conspiracy claims are subject to a

10   three year statute of limitations. *City of Seattle v. Blume*, 134 Wash.2d 243, 251, 947 P.2d 223

11   (1997); RCW 4.16.080(2). Allenmore filed its original Complaint in Pierce County Superior

12   Court on August 18, 2014.

13
         When a party amends its complaint, newly asserted claims that arise out of the conduct

14   set out in the original pleading relate back to the date of the originally-filed complaint for statute

15   of limitations purposes. Fed. R. Civ. P. 15(c)(1)(B). The parties agree that the state law claims

16   arise out of the same conduct as the originally filed federal claims. Therefore, the amended state

17   law claims relate back to August 18, 2014.  The claims are not time barred and amendment

18   would not be futile on this basis.

---

[2] By the City's calculation, the limitations period expired October 31, 2014. The City claims that because it did not even file its Response to Allenmore's motion until November 3, 2014, the claims were already time barred by that date.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

* * *

Allenmore's Motion for Leave to Amend is GRANTED, and it shall file its amended complaint within 5 days of this Order.

IT IS SO ORDERED.

Dated this 11th day of December, 2014.

_____

RONALD B. LEIGHTON (as auth/dn)
UNITED STATES DISTRICT JUDGE

ORDER
- 7 -