THE HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7         UNITED STATES DISTRICT COURT
8      WESTERN DISTRICT OF WASHINGTON
              AT TACOMA

9

10   ALLENMORE MEDICAL INVESTORS,
     LLC, a Washington limited liability
     company,                                      NO.  3:14-cv-05717-RBL

11

                        Plaintiff,
12

13          v.                                     DEFENDANTS' ANSWER TO
                                                   FIRST AMENDED COMPLAINT
14   THE CITY OF TACOMA,
     WASHINGTON, a municipal corporation;
15   MARILYN STRICKLAND, an individual;
     LAUREN WALKER, an individual; RYAN
16   MELLO, an individual; JAKE FEY, an
     individual; VICTORIA WOODARDS, an
17   individual; MARTY CAMPBELL, an
     individual; DAVID BOE, an individual;,
18   and JOHN DOE 1-20,

19                      Defendants.

20

21          COMES NOW Defendants City of Tacoma, Marilyn Strickland, Lauren

22   Walker, Ryan Mello, Jake Fey, Victoria Woodards, Marty Campbell and David

23   Boe, by and through their undersigned attorneys, and by way of answer to

24   Plaintiff's First Amended Complaint admit, deny, and allege as follows:

25

26

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 1 of 19                          Tacoma City Attorney
(3:14-cv-05717-RBL)                                          Civil Division
                                                     747 Market Street, Room 1120
                                                        Tacoma, WA  98402-3767
                                                       (253-591-5885 / 591-5755)

## I.   PARTIES

1.      In answer to paragraph 1 of Plaintiff's First Amended Complaint, on information and belief, these defendants admit that Allenmore Medical Investors, LLC (AMI) is a limited liability company registered with the Washington Secretary of State.  As to all other allegations contained in this paragraph, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

2.      In answer to paragraph 2 of Plaintiff's First Amended Complaint, these defendants admit the same.

3.      In answer to paragraph 3 of Plaintiff's First Amended Complaint, these defendants admit the same.

4.      In answer to paragraph 4 of Plaintiff's First Amended Complaint, these defendants admit the same.

5.      In answer to paragraph 5 of Plaintiff's First Amended Complaint, these defendants admit the same.

6.      In answer to paragraph 6 of Plaintiff's First Amended Complaint these defendants admit the same.

7.      In answer to paragraph 7 of Plaintiff's First Amended Complaint, these defendants admit the same.

8.      In answer to paragraph 8 of Plaintiff's First Amended Complaint, these defendants admit the same.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 2 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

9.     In answer to paragraph 9 of Plaintiff's First Amended Complaint, these defendants admit the same.

10.     In answer to paragraph 10 of Plaintiff's First Amended Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

## II.   JURISDICTION AND VENUE

11.     In answer to paragraph 11 of Plaintiff's First Amended Complaint, these defendants admit the same.

12.     In answer to paragraph 12 of Plaintiff's First Amended Complaint, these defendants admit the same.

## III.  FACTS COMMON TO ALL CLAIMS

13.     In answer to paragraph 13 of Plaintiff's First Amended Complaint, on information and belief, these defendants admit the allegations concerning the location and size of the Elks property.  As to all other allegations contained in this paragraph, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

14.     In answer to paragraph 14 of Plaintiff's First Amended Complaint, these defendants admit, on information and belief, that JLO Washington Enterprises, Inc. (JLO) is a Washington corporation and further admit, on information and belief, that an "Assignment of Buyer's Interest in Purchase and Sale Agreement" was recorded with the Pierce County Auditor on June 14,

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 3 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

2011, under number 201106140566, and that the Grantor on this document is JLO Washington Enterprises, Inc. and the Grantee is Allenmore Medical Investors, LLC (AMI), with Jeffrey Oliphant signing on behalf of both Grantor and Grantee. As to all other allegations contained in this paragraph, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

15.     In answer to paragraph 15 of Plaintiff's First Amended Complaint, these defendants admit that a State Environmental Protection Act ("SEPA") application and a building (grade and fill) permit application were filed with the City of Tacoma, including all required studies and backup to support the applications, in December 2010. These defendants deny that JLO Washington Enterprises filed the application for the grade and fill permit. These defendants also admit that the primary development project described in the SEPA application consisted of a medical and related professional office campus including up to 760,000 square feet of medical and professional office space, a hospital and retail space. These defendants deny that the SEPA application also included an alternate project consisting of 155,000 square feet of retail space and 200,000 square feet of medical and professional office space. These defendants admit that on or about March 23, 2011, the City of Tacoma issued a Mitigated Determination of Non-Significance. These defendants admit that on or about July 27, 2011, the City of Tacoma issued Building Permit (grade and fill permit) (BLD2010-40000156353), but deny that the Final

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 4 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

Mitigated Determination of Non-Significance (SEP2010-40000156354) was issued on that date.

16.     In answer to paragraph 16 of Plaintiff's First Amended Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

17.     In answer to paragraph 17 of Plaintiff's First Amended Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to the medical services provider's decision, or JLO's review of possible alternative uses of the property, or the requirements for convenient access for originally envisioned or alternative development projects, and therefore deny such allegations.  These defendants deny that City of Tacoma officials recommended adding a U-Turn for southbound Union Avenue traffic to improve accessibility.  These defendants admit that AMI commissioned an engineering study and report requested by City officials.  These defendants also admit that City officials reviewed the report and placed the proposed U-Turn on the docket for the City Council's Environment and Public Works (EPW) Committee on August 24, 2011, and recommended approval.  These defendants deny that the August 24, 2011, meeting of the EPW Committee was a hearing.  These defendants admit that Councilmembers at that meeting posed questions related to the proposed U-Turn and requested information on whether the proposed development of the Elks Lodge Property included a "big box" retailer.  These defendants also admit

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 5 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

that the proposed U-Turn did not receive a "do pass" recommendation from the EPW Committee.  These defendants deny that such action was irrational, arbitrary or capricious, failed to serve a legitimate governmental purpose, or was done for an improper purpose.  These defendants admit that Ordinance No. 28013, amending Chapter 11.05 of the Municipal Code, to allow U-Turns at the intersection of South 23rd Street and Union Avenue, was placed on the agenda for the August 30, 2011 Council meeting.

18.     In answer to paragraph 18 of Plaintiff's First Amended Complaint, these defendants admit that on August 30, 2011, certain members of the Tacoma City Council attended a Joint Study Session with members of Public Utility Board that included a bus ride to the Cowlitz Salmon Hatchery.  These defendants also admit that the agenda for the Study Session did not include any item relating to a moratorium on development or building activity in the City of Tacoma, any item relating to proposed development at 1965 South Union Avenue, or any item relating to the U-Turn proposal.  These defendants admit that during the August 30, 2011 Study Session and/or bus ride, one-on-one or one-on-two discussions regarding a possible moratorium occurred, (as did discussions about the proposed development at 1965 South Union Avenue), but deny that the U-Turn proposal was discussed and further deny that a majority of the Council collectively decided to present and adopt the moratorium at the City Council meeting later that day, and to remove the U-Turn proposal from the meeting docket.  These defendants deny any violation of the Open Public Meeting Act and deny any improper purpose by these defendants.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 6 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

19.    In answer to paragraph 19 of Plaintiff's First Amended Complaint, these defendants admit that at the regularly scheduled August 30, 2011, meeting of the Tacoma City Council, a motion was made and adopted to suspend the rules to consider the first and final reading of an additional ordinance, Ordinance No. 28014, after the regular agenda.  The defendants further admit that Ordinance No. 28014, as amended by motion, was passed by the City Council.  The defendants also admit that the proposed ordinance would impose an immediate six month moratorium on the acceptance of applications for new building or other development permits for retail establishments in excess of 65,000 square feet in aggregate.  The defendants further admit that defendant Mayor Strickland and City Council Members Walker, Mello, Fey, Woodards, Campbell and Boe voted in favor or Ordinance No. 28014.  The defendants further admit that the U-Turn proposal was removed from the agenda for that meeting, pursuant to a motion that was made and adopted during the meeting.

20.    In answer to paragraph 20 of Plaintiff's First Amended Complaint, these defendants deny the same.

21.    In answer to paragraph 21 of Plaintiff's First Amended Complaint, these defendants admit that neither the SEPA application nor the building permit identified the anchor merchant for the proposed project, although rumor as of August 2011 had identified Wal-Mart as the likely anchor merchant.  On information and belief, these defendants admit that the Central Neighborhood Council had stated that it strongly opposed allowing a Wal-Mart store in

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 7 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253-591-5885 / 591-5755

Tacoma.  These defendants also admit that at the time the Moratorium was proposed and adopted defendants Strickland, Walker, Mello, Fey, Woodards, Campbell and Boe believed that the likely anchor merchant for the proposed development at the Elks Lodge Property was Wal-Mart.  These defendants deny that the developer for this site was AMI or that the defendants had any knowledge of AMI and its alleged involvement.  As to all remaining allegations contained herein, the defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore, deny the same.

22.     In answer to paragraph 22 of Plaintiff's First Amended Complaint, these defendants admit the same.

23.     In answer to paragraph 23 of Plaintiff's First Amended Complaint, these defendants admit that on August 31, 2011, BCRA, on behalf of Walmart filed an application for a building permit (No. 40000168923) with the City of Tacoma along with related documents and plans to construct a new retail store of approximately 152,243 square feet on the Elks Lodge Property.  The defendants deny that BCRA was also acting as agent for AMI when it filed the building permit application.  These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that AMI was acquiring the Elks Lodge Property, and therefore deny the same.  The defendants admit that the building permit application filed by BCRA on behalf of Walmart touched all parts of the Elks Lodge property at 1965 Union Avenue,

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 8 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

including that outpads that were apparently slated for later development.  The defendants admit that AMI paid the Building Permit Application fee.

24.     In answer to paragraph 14 of Plaintiff's First Amended Complaint, these defendants admit that the Building Permit Application was "complete" for purposes of RCW 19.27.095 when filed on August 31, 2011.  These defendants assert that the determination of "completeness" under the Revised Code of Washington does not preclude the City, pursuant to TMC 13,05.010.E, from requesting additional information.  These defendants admit that Walmart's rights to a building permit under the laws and ordinances in effect on August 31, 2011 were vested on that date.  The defendants deny that AMI had vested rights, or any recognized property interest, in the building permit application filed by BCRA, on behalf of Walmart.

25.     In answer to paragraph 25 of Plaintiff's First Amended Complaint, these defendants admit that on September 16, 2011, the City advised that the Building Permit Application was complete and vested to the codes in effect as of August 31, 2011, and contained sufficient information for review to commence.  The City admits that it advised the applicant, BCRA on behalf of Walmart, that it had commenced a preliminary review that noted that the plat configuration did not accurately reflect the existing parcel configuration, and that, because of the Moratorium, the City could not accept an application for a boundary line adjustment or other plat-related submittal to change the lot configuration, and that the Building Permit Application was being placed on hold.  These defendants deny that this action was irrational, arbitrary or

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 9 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

capricious, contrary to law, failed to serve a legitimate governmental purpose, or were done for an improper purpose, deny that it was an attempt to delay or prevent a lawful development project from proceeding and further deny that the defendants used improper means to accomplish any improper purpose.

26.     In answer to paragraph 26 of Plaintiff's First Amended Complaint, these defendants admit that, on or about September 27, 2011, AMI filed an application for a Boundary Line Adjustment ("BLA") relating to the Building Permit Application and that the BLA application met the requirements of TMC 13.04.085.  These defendants deny that the BLA application satisfied all applicable legal requirements because the Moratorium precluded the City from processing the application.  These defendants deny that the City refused to accept the BLA application for filing, but admit that the City was unable to process the application because of the Moratorium.  As to all other allegations contained in this paragraph, these defendants deny the same.

27.     In answer to paragraph 27 of Plaintiff's First Amended Complaint, these defendants admit that AMI sent a letter to the City on or about September 207, 2011, alleging that the hold on the BLA application would result in damages to AMI.

28.     In answer to paragraph 28 of Plaintiff's First Amended Complaint, these defendants admit that, on or about September 29, 2011, AMI requested reconsideration of the City's decision to place Walmart's building permit on hold.  The defendants deny that on that date, AMI requested reconsideration of the City's decision to place AMI's application for a BLA on hold.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 10 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

29.     In answer to paragraph 29 of Plaintiff's First Amended Complaint, these defendants admit that by letter to counsel for AMI dated October 7, 2011, the City stated its decision to refuse to accept AMI's Boundary Line Adjustment "due to the City's moratorium on all land use permit applications for retail facilities in excess of 65,000 square feet".  The defendants further admit that the portion of that letter quoted in this paragraph of plaintiff's First Amended Complaint is accurate.  As to all other allegations contained in this paragraph, these defendants deny the same.

30.     In answer to paragraph 30 of Plaintiff's First Amended Complaint, these defendants admit that, on or about October 14, 2011, AMI filed a Notice of Appeal to the Hearing Examiner, appealing the City's position that the building permit did not conform to the existing parcel configuration and that the Moratorium prevented the City from processing the BLA application.  The defendants further admit that on or about October 21, 2011, AMI filed a second Notice of Appeal to the Hearing Examiner, appealing the City's position that the Moratorium precluded the City from processing the BLA application submitted by AMI.

31.     In answer to paragraph 31 of Plaintiff's First Amended Complaint, these defendants admit that at the October 25, 2011, City Council meeting, City Council Member Lonergan moved to exclude BLAs from the effect of the Moratorium, and that the motion was seconded, and further admit that the motion was tabled to the following week's meeting after discussion.  These defendants also admit that Council Member Lonergan commented that the City

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

Council had heard that a big box retailer was going in to the Elks Lodge Property and got really upset to the point of passing the Moratorium.  These defendants also admit that Council Member Manthou commented that the Moratorium would not have been enacted if it were someone other than Wal-Mart coming in.

32.    In answer to paragraph 32 of Plaintiff's First Amended Complaint, these defendants admit that at the City council meeting held on November 1, 2011, the Council voted to modify the Moratorium.  These defendants also admit that this modification was embodied in Substitute Ordinance No. 28027, which took effect on or about November 11, 2011.

33.    In answer to paragraph 33 of Plaintiff's First Amended Complaint, these defendants deny that the BLA was approved on November 14, 2011, but admit that it was recorded on December 27, 2011.

34.    In answer to paragraph 34 of Plaintiff's First Amended Complaint, these defendants deny the same.

35.    In answer to paragraph 35 of Plaintiff's First Amended Complaint, these defendants admit the same.

36.    In answer to paragraph 36 of Plaintiff's First Amended Complaint, these defendants admit that BCRA was advised on or about February 3, 2012, that the building permit was close to being ready for issuance but that it would need to comply with the setback required in TMC 13.06.300.F, but deny that seeking compliance with existing Code provisions constitutes "newly imposed

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 12 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

conditions." As to all other allegations contained in this paragraph, these defendants deny the same.

37.     In answer to paragraph 37 of Plaintiff's First Amended Complaint, these defendants admit that on or about March 12, 2012, the City found a way to proceed with issuance of the building permit and still comply with the applicable code provisions. The defendants deny that there were any "newly imposed conditions," as all such conditions were set out in the Tacoma Municipal Code. These defendants further deny that the City issued permits to AMI for Lots 2-5 at the same time as it issued the building permit to Walmart.

38.     In answer to paragraph 38 of Plaintiff's First Amended Complaint, these defendants these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

39.     In answer to paragraph 39 of Plaintiff's First Amended Complaint, these defendants deny the same.

40.     In answer to paragraph 40 of Plaintiff's First Amended Complaint, these defendants deny any wrongful acts by these defendants. These defendants assert that the remainder of this paragraph contains only legal assertions to which no response is necessary. Should a responsive pleading be deemed required, these defendants deny the same.

41.     In answer to paragraph 41 of Plaintiff's First Amended Complaint, these defendants admit the same.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 13 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM; VIOLATION OF 42 U.S.C. § 1983

(Deprivation of Plaintiff's Federal Constitutional Rights)

42.     In answer to paragraph 42 of Plaintiff's First Amended Complaint, these defendants the defendants reallege and incorporate each and every answer, allegation and denial set forth in paragraphs 1-41 above.

43.     In answer to paragraph 43 of Plaintiff's First Amended Complaint, these defendants assert that this paragraph is conclusory and contains only legal conclusions to which a responsive pleading is not required.  The defendants deny that AMI had any protected property interest and deny that AMI was deprived of any such interest.

44.     In answer to paragraph 44 of Plaintiff's First Amended Complaint, these defendants deny that AMI had any protected property interest and deny that AMI was deprived of any such interest.

45.     In answer to paragraph 45 of Plaintiff's First Amended Complaint, these defendants deny the same.

46.     In answer to paragraph 46 of Plaintiff's First Amended Complaint, these defendants deny the same.

47.     In answer to paragraph 47 of Plaintiff's First Amended Complaint, these defendants deny the same.

48.     In answer to paragraph 48 of Plaintiff's First Amended Complaint, these defendants deny the same.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 14 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

49.     In answer to paragraph 49 of Plaintiff's First Amended Complaint, these defendants deny the same.

50.     In answer to paragraph 50 of Plaintiff's First Amended Complaint, these defendants deny the same.

51.     In answer to paragraph 51 of Plaintiff's First Amended Complaint, these defendants deny the same.

52.     In answer to paragraph 52 of Plaintiff's First Amended Complaint, these defendants deny the same.

53.     In answer to paragraph 53 of Plaintiff's First Amended Complaint, these defendants deny the same.

## SECOND CLAIM: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP AND BUSINESS EXPECTANCY

54.     In answer to paragraph 54 of Plaintiff's First Amended Complaint, these defendants the defendants reallege and incorporate each and every answer, allegation and denial set forth in paragraphs 1-53 above.

55.     In answer to paragraph 55 of Plaintiff's First Amended Complaint, these defendants these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

56.     In answer to paragraph 56 of Plaintiff's First Amended Complaint, these defendants these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 15 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

57.     In answer to paragraph 57 of Plaintiff's First Amended Complaint, these defendants deny the same.

58.     In answer to paragraph 58 of Plaintiff's First Amended Complaint, these defendants deny the same.

59.     In answer to paragraph 59 of Plaintiff's First Amended Complaint, these defendants deny the same.

60.     In answer to paragraph 60 of Plaintiff's First Amended Complaint, these defendants deny the same.

61.     In answer to paragraph 61 of Plaintiff's First Amended Complaint, these defendants deny the same.

THIRD CLAIM: CIVIL CONSPIRACY

62.     In answer to paragraph 62 of Plaintiff's First Amended Complaint, these defendants the defendants reallege and incorporate each and every answer, allegation and denial set forth in paragraphs 1-61 above.

63.     In answer to paragraph 63 of Plaintiff's First Amended Complaint, these defendants deny the same.

64.     In answer to paragraph 64 of Plaintiff's First Amended Complaint, these defendants deny a conspiracy and the imposition of improper permit conditions.  As to the allegations contained herein concerning the "John Does," these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and therefore deny the same.

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

65.    In answer to paragraph 65 of Plaintiff's First Amended Complaint, these defendants deny the same.

66.    In answer to paragraph 66 of Plaintiff's First Amended Complaint, these defendants deny the same.

## V. PRAYER FOR RELIEF

In response to plaintiff's Prayer for Relief, these defendants assert that no response is required.  To the extent a response is required, the defendants deny the same.

## AFFIRMATIVE DEFENSES

1.    FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT these defendants assert that all claims alleged regarding defendants Marilyn Strickland, Lauren Walker, Ryan Mello, Jake Fey, Victoria Woodards, Marty Campbell and David Boe are absolutely immune pursuant to the doctrine of legislative immunity.

2.    FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT, the individual defendants also assert that they are immune from suit pursuant to the doctrine of qualified immunity.

3.    FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT, the individual defendants assert that at all times relevant herein, they acted in good faith and on behalf of the municipal corporation, and therefore, their actions are privileged.

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

4.      FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT, these defendants allege that plaintiff's allegations or claimed constitutional deprivations under 42 USC § 1983 are expressly and/or implicitly premised upon a theory of derivative and/or respondeat superior liability and the defendant City of Tacoma is immune from suit on that basis.

5.      FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT these defendants assert that plaintiff has failed to state a claim upon which relief can be granted.

6.      FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT, these defendants assert that there is no causation between the allegations against these defendants and the damages claimed to have been sustained by plaintiff.

7.      FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT, these defendants allege, on belief and to avoid inadvertent waiver, that plaintiff has failed to mitigate its damages.

8.      FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT these defendants reserves the right to assert additional affirmative defenses, including counterclaims and third-party complaints, as further information becomes known.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 18 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, these defendants pray for judgment as follows:

A.      That Plaintiff's First Amended Complaint be dismissed with prejudice and that plaintiff takes nothing thereby;

B.      That these defendants be awarded costs, disbursements, and statutory attorney's fees in the defense of this matter.

C.      For such other and further relief as the Court deems just and equitable.

DATED this 23RD day of January, 2015.

ELIZABETH A. PAULI, City Attorney

By:      _____

JEAN P. HOMAN
WSBA #27084
Deputy City Attorney
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on _____1-23-15_____, I electronically filed, through my staff, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Anthony L. Rafel and Tyler B. Ellrodt, Attorneys for Plaintiff.

_____

JEAN P. HOMAN
WSBA#27084
Attorney for Def. City of Tacoma
Tacoma City Attorney's Office
747 Market Street, Suite 1120
Tacoma, WA  98402
(253) 591-5885
Fax:  (253) 591-5755
jhoman@ci.tacoma.wa.us

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT - Page 19 of 19
(3:14-cv-05717-RBL)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA  98402-3767
(253-591-5885 / 591-5755