HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLENMORE MEDICAL INVESTORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TACOMA, et al.,<br><br>Defendants. | CASE NO. C14-5717-RBL<br><br>ORDER<br><br>DKT. #45 |

THIS MATTER is before the Court on Plaintiff Allenmore's Motion for *In Camera Review* [Dkt. #45]. The Court determined Allenmore had presented a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection might reveal the Defendant City of Tacoma improperly withheld 54 emails and attachments under the guise of attorney-client privilege, and so granted Allenmore's motion [Dkt. #50].

The attorney-client privilege promotes "the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677 (1981). It protects confidential disclosures between clients and attorneys made to give and receive legal advice. *See United States v. Bauer*, 123 F.3d 504, 507 (9th Cir. 1997). It does not, however, prevent disclosure of underlying facts simply because they were communicated to an attorney. *See*

*Upjohn*, 449 U.S. at 395; *see also Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977). Tendering documents not prepared for obtaining legal advice to a lawyer does not vest those documents with the protections of privilege. *See Gould, Inc. v. Mitsui & Smelting Co.*, 825 F.2d 676, 679 (2d Cir. 1987). Documents reflecting the date, place, or time of attorney-client communications also do not fall within the privilege. *See In re Grand Jury Proceedings (Twist)*, 689 F.2d 1351, 1352 (11th Cir. 1982) (explaining that privilege protects the content of attorney-client communications, not the fact that some communications took place).

The vast majority of the City's documents were properly withheld. For example, the documents discussing the Elks Lodge are irrelevant and privileged (i.e. tab 20), and the City need not produce them. Some documents, however, contain information that does not fall within the attorney-client privilege. The City must produce all emails about scheduling meetings (i.e. tab 39) but may redact any statements discussing the substance of those meetings. If they have not already done so, the City must also produce any attachments not prepared for obtaining legal advice (i.e. the map at tab 4). The City is COMPELLED to disclose these documents to Allenmore within 10 days of this order.

IT IS SO ORDERED.

Dated this 9th day of June, 2016.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge

DKT. #45 - 2